**NOT RECOMMENDED FOR PUBLICATION**
File Name: 09a0247n.06
Filed: April 1, 2009

No. 08-3758

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| TETYANA DOVHOPOLA and VOLODIMIR DOVHOPOLYY, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MICHAEL B. MUKASEY, ATTORNEY GENERAL, | ) | ON APPEAL FROM THE BOARD OF IMMIGRATION APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

BEFORE:    MERRITT, GRIFFIN, and KETHLEDGE, Circuit Judges

**MERRITT, Circuit Judge.**   Petitioner Tetyana Dovhopola, as lead petitioner, on behalf of herself and her husband, as "derivative" petitioner, seeks review of the final order of removal issued by the Board of Immigration Appeals, which affirmed the immigration judge's denial of the petitions for asylum, withholding of removal, and protection under the United Nations Convention Against Torture.  They are natives of the Ukraine and claim asylum on grounds that they have suffered persecution because they are Baptist.  As to the asylum issue, there is a question of whether we lack subject matter jurisdiction due to the untimeliness of the petition, and the withholding of removal questions are whether petitioner has made the requisite showing of "clear probability" of future

persecution under the Immigration Act, 8 U.S.C. § 1231(b)(3), or the "likelihood of torture" under the U.N. Convention Against Torture, implemented by regulation issued by the Attorney General. 8 C.F.R. § 1208.18(a)(1). We conclude that the asylum petition is untimely and that petitioner has not otherwise made the requisite showing for withholding of removal.

## I. Asylum Application Untimely

The Immigration and Naturalization Act requires that an asylum applicant "demonstrate[] by clear and convincing evidence that the application has been filed within one year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). This requirement is subject to exceptions in cases when "the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within "the required one-year period." 8 U.S.C. § 1158(a)(2)(D). Another subsection of § 1158 converts the limitations issue into a jurisdictional issue: "[n]o court shall have jurisdiction to review any determination of the Attorney General" regarding whether changed or extraordinary circumstances exist to excuse an application for asylum that is filed later than one year after entry into the United States. 8 U.S.C. § 1158(a)(3).

The Immigration Judge found that petitioner entered the United States on January 24, 2000, and filed her application on May 25, 2001, four months outside the statutory period (App. 27), and petitioner does not controvert this finding (Brief p. 9). The judge also found that petitioner's justification for the late filing — ignorance of the law together with headaches and depression — did not constitute a valid basis for extending the limitations. Petitioner does not cite cases or other

valid reasons for reversing the judge's decision. We, therefore, lack jurisdiction to review the denial

on the ground of untimeliness of the petitioner's application for asylum.

## II. Withholding of Removal

The Board of Immigration Appeals reviewed and then dismissed petitioner's appeal on the

following grounds:

> The respondent, who testified before the Immigration Judge via videoconference, has filed with this Board a 15-page appellate brief wherein she offers a general discussion of asylum caselaw, incorrectly indicates that the Immigration Judge found that her testimony "lacked emotion," and generally argues that the Immigration Judge would have found her credible if he had considered "the obstacles created by tele-video and the use of a translator." *See* Respondent's Brief at 14-15. The respondent also generally alleges that her testimony was consistent with her asylum application and other evidence of record. *Id.* The respondent has failed to offer any meaningful argument showing that the adverse credibility finding on which her application was denied was clearly erroneous. Thus, we are unpersuaded of the actual merits of her appeal. *See* 8 C.F.R. § 1003.1(d)(3)(i). Accordingly, the appeal is dismissed.

(App. 2.)

We have reviewed petitioner's brief before the BIA and find that the BIA has correctly

described the brief. It offers the Board no basis for reversal. The first five pages simply state a brief

version of the same facts that the Immigration Judge found to be rejected on credibility grounds as

untimely, inconsistent, lacking in corroboration and in conflict with State Department Country

Reports for the Ukraine and its International Religious Freedom Report for the Ukraine of 2006.[1]

---

[1]The Judge found as follows with respect to the religious claim:

> Based on the State Department's <u>Profile</u> and <u>International Religious Freedom Report</u>, I find that conditions have changed to such an extent that the respondent no longer has a well-founded fear of persecution if she were to return to Ukraine today. The <u>International Religious Freedom Report</u> for Ukraine for the year 2006 indicates that the 1996 constitution and the 1991 law on freedom of conscience provide for freedom of religion and that the government generally

The next seven pages cite various immigration cases and rote hornbook principles of immigration law without an effort to apply the cases and principles to the facts of the case at hand. The next two pages complain generally about the tele-video method for the conduct of the hearing. The brief was not responsive to the requirements of the BIA for appeals, and we find no error in the BIA's ground of dismissal.

For the foregoing reasons, we deny Dovhopola's petition seeking review of the Board's denial of her application for asylum and withholding of removal under the Immigration and Naturalization Act and the Convention Against Torture.

---

respected this right in practice. The report states that religious groups of all beliefs flourished in Ukraine. The report states that government policy continued to contribute to the generally free practice of religion. The report further indicates that Protestant churches have grown rapidly in the year since independence, and it states that the Evangelical Baptist Union of Ukraine (the Baptist Union), was the largest group, claiming more than 500,000 members in more than 3,000 churches. The report further states that the government generally sought at all levels to protect freedom of religion and did not tolerate its abuse, either by governmental or private actors. The report further indicates that there were several improvements in the last year in respect for religious freedom in Ukraine. Thus in conclusion, although I do not doubt that there continue to be occasional and unfortunate instances of harassment and discrimination on the basis of one's religion, including the Baptist religion in Ukraine, I do not believe the record of evidence as a whole shows that there is any reasonable fear of persecution for Baptists such as the respondent in Ukraine today. On the contrary, I believe that the record of evidence, including the State Department reports, indicate that if there ever was past persecution of the respondent on account of her religion, that there are certainly today, in early 2007, changed country conditions in that country, which would rebut any presumption created by such past persecution, even if it had occurred.

(App. 21 & 22.)